```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO                          MEMORANDUM AND ORDER
INDEMNITY COMPANY, GEICO
GENERAL INSURANCE COMPANY                         Case No. 1:21-cv-00617-FB-RER
& GEICO CASUALTY COMPANY,

                        Plaintiffs,

        -against-

ELMWOOD PARK MEDICAL
GROUP, P.C., MOLNAR MEDICAL
SERVICES, P.C. & KRISTAPPA
SANGAVARAM,

                        Defendants.
-------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On February 23, 2022, Magistrate Judge Ramon E. Reyes, Jr. issued a Report and Recommendation ("R&R") recommending that default judgment against Defendants Elmwood Park Medical Group P.C., Molnar Medical Services P.C., and Kristappa Sangavaram ("Defendants") be granted in part.

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company ("Plaintiffs" or "GEICO") alleged that Defendants engaged in a complex insurance fraud scheme in violation of the federal Racketeer Influenced and Corrupt

1

Organizations Act ("RICO"). Plaintiffs also alleged counts for common law fraud and unjust enrichment and sought a judgment under the Declaratory Judgment Act, declaring that Defendants have no right to receive payment for pending bills submitted to GEICO in the course of the fraudulent scheme. Plaintiffs seek default on their claims of common law fraud and unjust enrichment, as well as a declaratory judgment.

Magistrate Judge Ramos recommends that the motion be granted in part, and 1) judgment be entered against Dr. Sangavaram and Elmwood Park, jointly and severally, in the amount of $842,422.90 in compensatory damages, $161,638.26 in pre-judgment interest, and $206.92 per diem from February 23, 2022 until final entry of judgment; 2) judgment be entered against Dr. Sangavaram and Molnar Medical, jointly and severally, in the amount of $179,373.37 in compensatory damages, $33,972.52 in pre-judgment interest, and $43.64 per diem from February 23, 2022 until final entry of judgment; and 3) a declaratory judgment be entered that Plaintiffs are not obligated to pay outstanding claims submitted by Defendants.

Magistrate Judge Ramos's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear

notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

    /S/ Frederic Block         
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 14, 2022